| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF RAMSEY | SECOND JUDICIAL DISTRICT |

Jane C. Hayes-Broman,

                  Court File No. _____

              Plaintiff,

vs.

                                         **SUMMONS**

Washington Mutual Bank, FA, successor in interest by merger to Fleet Mortgage Corp, Aaron McCann, Felicia McCann, Vulcan Recoveries LLC, a Minnesota limited liability company, Northern Realty Ventures LLC, a Minnesota limited liability company, Edina Realty Title, Inc., f/k/a Equity Title Services, Inc., a Minnesota corporation, and C & M Real Estate Services, Inc., a Minnesota corporation,

              Defendants.

---

**THE STATE OF MINNESOTA TO THE ABOVE-NAMED DEFENDANTS:**

You are hereby summoned and required to serve upon Plaintiff's attorney an answer to the Complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

You are further notified that this action brings into question title to real property located in Ramsey County, Minnesota, and legally described as follows:

              Lot 13, Block 4, Mattock Park, Ramsey County, Minnesota.

Dated this __23rd__ day of October, 2006.

                                        KALLAS & ASSOCIATES LTD

                                        By _/s/ Michael T. Kallas_
                                        Michael T. Kallas
                                        Attorney Reg. No. 159499
                                        4930 West 77th Street, Suite 210
                                        Edina, Minnesota  55435
                                        Telephone (952) 832-9352
                                        Telecopier (952) 832-9365

H:\Mtg\B182-0601\B182-0601-0010.doc                           ATTORNEYS FOR PLAINTIFF

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF RAMSEY | SECOND JUDICIAL DISTRICT |

Jane C. Hayes-Broman,

                Plaintiff,

Court File No. _____

vs.

**COMPLAINT**

Washington Mutual Bank, FA, successor in interest by merger to Fleet Mortgage Corp, Aaron McCann, Felicia McCann, Vulcan Recoveries LLC, a Minnesota limited liability company, Northern Realty Ventures LLC, a Minnesota limited liability company, Edina Realty Title, Inc., f/k/a Equity Title Services, Inc., a Minnesota corporation, and C & M Real Estate Services, Inc., a Minnesota corporation,

                Defendants.

---

        Plaintiff, for her claims in the above-entitled action, states and alleges as follows:

### PARTIES

    1.     Plaintiff Jane C. Hayes-Broman is a single individual, also known as Jane Broman. and has a residence at 1631 Watson Avenue, St. Paul, Ramsey County, Minnesota 55116 (the "Property").

    2.     Defendant Washington Mutual Bank, FA ("Washington"), successor in interest by merger to Fleet Mortgage Corp., is a federally chartered savings association with its principal place of business at Arch Plaza Financial Center, Henderson, Nevada 89014.

    3.     Defendant Aaron McCann is an individual residing, upon information and belief, in Collin County, Texas.

    4.     Defendant Felicia McCann is an individual residing in Aitkin, Minnesota.

5. Defendants Aaron McCann and Felicia McCann are hereinafter jointly referred to as "McCanns."

6. Defendant Vulcan Recoveries LLC ("Vulcan") is a Minnesota limited liability company with its registered office and principal place of business at 500 East Grant Street, Suite 1902, Minneapolis, Minnesota 55404.

7. Defendant Northern Realty Ventures LLC ("NRV") is a Minnesota limited liability company with its registered office and principal place of business at 500 East Grant Street, Suite 1902, Minneapolis, Minnesota 55404.

8. Defendant C & M Real Estate Services, Inc. ("C&M") is a Minnesota corporation with its registered office and principal place of business at 7040 Lakeland Avenue North, Suite 204, Brooklyn Park, Minnesota 55428.

9. Edina Realty Title, Inc., f/k/a Equity Title Services, Inc. (the "Title Company") is a Minnesota corporation with its registered office and principal place of business at 6800 France Avenue South, Suite 600, Edina, Minnesota 55435.

## BACKGROUND

10. Plaintiff purchased residential property at 1631 Watson Avenue, St. Paul, Ramsey County, Minnesota (the "Property") on January 29, 1993.

11. The Property is legally described as: Lot 13, Block 4, Mattock Park, Ramsey County, Minnesota.

12. At the time of the purchase, the Property was subject to a mortgage, which mortgage has come to be owned by Washington through assignment and merger (the "Washington Mortgage"), in the amount of Eighty-four Thousand Nine Hundred Twenty-three and 76/100 Dollars ($84,923.76).

13. Plaintiff purchased the Property from McCanns for a total purchase price of One Hundred Thousand Dollars ($100,000.00), which was paid by the assumption of the Washington Mortgage, the payment of an additional Seven Thousand Nine Hundred Eighteen and 59/100 Dollars ($7,918.59) pursuant to a Contract for Deed (the "Contract for Deed"), and a down payment of Eight Thousand One Hundred Fifty-seven and 65/100 Dollars ($8,157.65).

14. Plaintiff purchased the Property with the services of a realtor, Sylvia Perusse of Burnet Realty.

15. The closing on Plaintiff's purchase of the Property occurred at the Title Company on January 29, 1993.

16. Plaintiff paid McCanns the full amount due under the Contract for Deed in 1995.

17. On or about June 12, 1996, McCanns executed a Warranty Deed and delivered the same to Plaintiff as required by the Contract for Deed.

18. The Contract for Deed and Warranty Deed were not registered with the Ramsey County Registrar of Titles.

19. Washington claims that Plaintiff defaulted on her mortgage and began foreclosure early in 2006.

20. On April 6, 2006, the Property was sold at a sheriff's sale to Washington for Sixty-eight Thousand Four Hundred and 16/100 Dollars ($68,400.16) (the "Sale").

21. The Property currently has a tax assessed value as determined by the Ramsey County Assessor's office for the year 2006 (taxes payable in 2007) of Three Hundred Forty-six Thousand Six Hundred Dollars ($346,600.00).

22. Since June 26, 2004, Plaintiff has been residing in Leamington Spa, United Kingdom, and periodically returning to the Property. In the interim, Plaintiff's twenty-six year old niece has been occupying the Property with Plaintiff's permission.

23. Plaintiff or her niece has been occupying the Property continuously since 1993.

24. Plaintiff was unaware of a pending mortgage foreclosure.

25. On September 4, 2006, Plaintiff was at the Property preparing to return to the United Kingdom after spending time in Minnesota. Plaintiff was visited by Joe Yurecko, the owner of NRV. Joe Yurecko asked Plaintiff if she wanted to sell the Property. Plaintiff indicated that the Property was not for sale.

26. Joe Yurecko advised Plaintiff that the Property was in foreclosure.

27. Plaintiff returned to the United Kingdom, as required by her employer, and contacted Washington regarding the foreclosure. Through e-mail correspondence Plaintiff objected to the contention of Washington that she was in default and further explained that Plaintiff had been making payments throughout the foreclosure process.

28. Washington has received and accepted payments before, during and after the foreclosure process.

29. Despite Plaintiff's efforts to confirm that the mortgage was not in arrears, Plaintiff was ultimately advised to retain counsel and to undertake to redeem from the foreclosure sale on or before October 6, 2006, the redemption period expiration date.

30. Plaintiff was unable to obtain the funds necessary to redeem the Property by October 6, 2006, the redemption expiration date.

31. Instead, Plaintiff, through her attorney, contacted Washington's attorney and came to an agreement that Washington would allow Plaintiff to purchase the title from Washington by

4

paying Seventy-three Thousand Eight Hundred Seventy-eight and 13/100 Dollars ($73,878.13) by the end of the day on October 11, 2006 (the "Agreement").

32. In furtherance of the Agreement, Plaintiff did wire and deliver to Washington's attorney's trust account the required payment before 5:00 p.m. on October 11, 2006.

33. On or about September 22, 2006, Joe Yurecko, on behalf of NRV, obtained a Quit Claim Deed from Felicia McCann in Aitkin, Minnesota.

34. On or about October 3, 2006 Joe Yurecko, on behalf of NRV, obtained a Quit Claim Deed from Aaron McCann in Collin County Texas.

35. Upon information and belief, Aaron McCann and Felicia McCann represented to Joe Yurecko and NRV that neither owned the Property.

36. Upon information and belief, McCanns did not receive any consideration in exchange for their Quit Claim Deeds.

37. On October 5, 2006, NRV filed the Quit Claim Deeds from McCanns with the Ramsey County Registrar of Titles.

38. On October 5, 2006, NRV granted a sham mortgage on its purported interest in the Property to Vulcan, solely for the purpose of preserving a right to redeem, and filed the same with the Ramsey County Registrar of Titles.

39. On October 6, 2006, Vulcan filed its Notice of Intent to Redeem the Property as a subsequent mortgage holder with the Ramsey County Registrar of Titles and the Ramsey County Sheriff's office.

40. Vulcan did redeem the Property, preventing Plaintiff's consummation of the Agreement.

41. Upon information and belief, Vulcan has transferred its interest in the Property to C&M, and C&M is threatening an action to evict Plaintiff and Plaintiff's niece from the Property.

42. Plaintiff stands ready, willing and able to consummate the Agreement.

## COUNT ONE
## QUIET TITLE

43. Plaintiff realleges the allegations set forth above and incorporates them herein by reference.

44. Plaintiff obtained equitable title to the Property from McCanns upon entering into the Contract for Deed and making full payment pursuant to the Contract for Deed.

45. Pursuant to the Warranty Deed from McCanns, Plaintiff obtained legal title to the Property.

46. Plaintiff paid valuable consideration for the Property.

47. At the time McCanns gave NRV the Quit Claim Deeds, McCanns' entire interest in the Property had already been transferred to Plaintiff.

48. Pursuant to Minn. Stat. §508.25(6), NRV's interest in the Property, if any, is subject to the rights of Plaintiff in possession under deed or contract for deed from the owner of the Certificate of Title.

49. Because McCanns had no interest in the Property, the Quit Claim Deeds to NRV are ineffective to grant any interest in the Property to NRV.

50. Because NRV obtained no interest in the Property through McCanns' Quit Claim Deeds, its mortgage granted to Vulcan was also void and ineffective.

51. Because Vulcan holds no interest in the Property, its transfer to C&M is also void and ineffective.

52. NRV, Vulcan and C&M had actual notice of Plaintiff's fee interest in the Property.

6

53. Plaintiff seeks a declaration from the court that the deeds from McCanns are ineffective to transfer any interest in the Property.

54. Plaintiff seeks a declaration from the court that the purported mortgage granted by NRV to Vulcan is void and ineffective.

55. Plaintiff seeks a declaration from the court that the purported conveyance by Vulcan to C&M is void and ineffective.

56. Plaintiff seeks a declaration from the court ruling that Plaintiff is the holder of the Property in fee, free of any interest of Defendants or their assigns, subject to the consummation of the Agreement and refund to Defendants of any redemption price paid.

57. Plaintiff seeks a declaration from the court enforcing the Agreement, entitling Plaintiff to purchase the Property from Washington by paying to Washington Seventy-three Thousand Eight Hundred Seventy-eight and 13/100 Dollars ($73,878.13).

## COUNT TWO
## BREACH OF WARRANTY

58. Plaintiff realleges the allegations set forth above and incorporates them herein by reference.

59. Pursuant to the Warranty Deed from McCanns to Plaintiff, McCanns warranted to Plaintiff the title of the Property against all defects in title, with limited exceptions, whether arising before or after Plaintiff took title.

60. McCanns breached this warranty of title by providing NRV Quit Claim Deeds.

61. By reason of McCanns' breach of warranty, Plaintiff has been injured in an amount to be determined at trial.

## COUNT THREE
## SLANDER OF TITLE

62. Plaintiff realleges the allegations set forth above and incorporates them herein by reference.

63. McCanns, NRV, Vulcan and C&M all published to others false statements concerning the Property when they signed, delivered and filed the Quit Claim Deeds, the Vulcan Mortgage and the deed to C&M with the Ramsey County Registrar of Titles.

64. At the time the Quit Claim Deeds, the Vulcan Mortgage and the deed to C&M were delivered and filed, the party responsible for the delivery and/or filing was aware of Plaintiff's ownership of the Property. Therefore each party knew the instrument constituted false statements.

65. The publication of these false statements concerning title to the Property caused the Plaintiff pecuniary loss.

66. Plaintiff seeks recovery of special damages equal to the cost of reasonable attorneys' fees and disbursements incurred to remove the cloud on the Property's title.

67. Plaintiff seeks general damages equal to Plaintiff's lost equity, if any.

## COUNT FOUR
## SET ASIDE FORECLOSURE SALE

68. Plaintiff realleges the allegations set forth above and incorporates them herein by reference.

69. Upon information and belief, Plaintiff was not in default on the Washington Mortgage before or during the foreclosure.

70. As a result of Plaintiff not being in default, the mortgage foreclosure should be set aside.

8

## COUNT FIVE
## SET ASIDE FORECLOSURE SALE

71.   Plaintiff realleges the allegations set forth above and incorporates them herein by reference.

72.   Plaintiff paid and Washington received payments on the Washington Mortgage before, during and after the foreclosure of the Washington Mortgage.

73.   By reason of Washington accepting payments, Washington has waived its right to a foreclosure and the Washington Mortgage foreclosure should be set aside.

## COUNT SIX
## CONVEYANCE TO NRV AND C&M VOID

74.   Plaintiff realleges the allegations set forth above and incorporates them herein by reference.

75.   Minn. Stat. §513.08 mandates that any conveyance of a piece of real estate shall be void if that conveyance is made with the intent to defraud a prior purchaser of the same real estate.

76.   The Quit Claim Deeds to NRV and the conveyance of the Property by Vulcan to C&M were done with the intent to defraud Plaintiff.

77.   McCanns, NRV, Joe Yurecko and C&M were aware of Plaintiff's ownership of the Property at the time McCanns provided NRV with the Quit Claim Deeds and at the time Vulcan transferred the Property to C&M.

78.   The court should declare that under Minn. Stat. §513.08 the purported conveyances of the Property from McCanns to NRV and from Vulcan to C&M are void and that any subsequent interest, or lien, conveyed or granted in the Property is also therefore void and ineffective.

## COUNT SEVEN
## NEGLIGENCE

79. Plaintiff realleges the allegations set forth above and incorporates them herein by reference.

80. As a part of the closing on Plaintiff's purchase of the Property, the Title Company undertook to close the transaction.

81. The Title Company knew or should have known that the Contract for Deed needed to be filed with the Ramsey County Registrar of Titles.

82. The Title Company had a duty to act reasonably and with due care to assure the Contract for Deed was duly filed.

83. The Title Company breached its duty and failed to record or to arrange for the recording of the Contract for Deed.

84. By reason of the Title Company's breach of duty, Plaintiff has suffered damages in an amount to be determined at trail.

## COUNT EIGHT
## INJUNCTION

85. Plaintiff realleges the allegations set forth above and incorporates them herein by reference.

86. Plaintiff's niece resides in the Property with Plaintiff's permission and at Plaintiff's request as her sole residence.

87. Plaintiff will be irreparably harmed in the event Vulcan, NRV or C&M or their assigns are allowed to evict Plaintiff or her niece from the Property.

88. Plaintiff seeks a temporary and permanent injunction prohibiting Vulcan, NRV and C&M from exercising any possession or ownership of the Property.

10

WHEREFORE, Plaintiffs pray for relief as follows:

1. That the court declare that Plaintiff is the holder of the Property in fee, free of any interest of Defendants or their assigns, subject to the consummation of the Agreement and refund to Defendants of any redemption price paid.

2. That the court declare the Agreement between Plaintiff and Washington effective and enforce that Agreement by entitling Plaintiff to purchaser the Property from Washington by paying Washington Seventy-three Thousand Eight Hundred Seventy-eight and 13/100 Dollars ($73, 878.13).

3. That the court declare that any interest or conveyance in the Property claimed by any Defendant, whether the interest or conveyance claimed is in fee or as a mortgagee, is void and without effect.

4. That the court adjudge that McCanns have breached the warranty contained in their Warranty Deed and rule that McCanns pay Plaintiff damages in an amount which will be proven at trial.

5. That the court find that McCanns, NRV and Vulcun have slandered the title to the Property and that the court order McCanns, NRV and Vulcun, together and separately, pay Plaintiff's costs and disbursements, including costs of investigation and reasonable attorney's fees, incurred by Plaintiff to remove the cloud on the title to the Property.

6. That the court adjudge that Plaintiff was not in default of the Washington Mortgage before or during the foreclosure and rule that the foreclosure sale is set aside.

7. That the court adjudge that by reason of Washington accepting payments from Plaintiff, Washington waived its right to a foreclosure and Washington's foreclosure sale is set aside.

8.  That the court order a temporary and permanent injunction prohibiting Vulcan, NRV and C&M from exercising any possession or ownership of the Property.

9.  For such other and further relief as the court deems just and appropriate.

Dated this __23rd__ day of October, 2006.

KALLAS & ASSOCIATES LTD

By _/s/ Michael T. Kallas_
Michael T. Kallas
Attorney Reg. No. 159499
4930 West 77th Street, Suite 210
Edina, Minnesota  55435
Telephone (952) 832-9352
Telecopier (952) 832-9365

ATTORNEYS FOR PLAINTIFF

## ACKNOWLEDGMENT

The undersigned, on behalf of the Plaintiff, hereby acknowledges that sanctions may be imposed under Minnesota Statutes §549.211.

_/s/ Michael T. Kallas_
Michael T. Kallas
Attorney for Plaintiff

## VERIFICATION

STATE OF MINNESOTA   )
                     ) ss.
COUNTY OF HENNEPIN   )

     Jane Hayes-Broman, being first duly sworn, on oath, depose and state that she is the Plaintiff in the above-entitled action; that she has read the foregoing Complaint and knows the contents thereof; that the same is true and correct of her own knowledge, except as to matters therein stated on information and belief, and as to those matters she believes them to be true.

                                     *Jane Hayes-Broman*
                                       Jane Hayes-Broman

Subscribed and sworn to before me
this 21 day of October, 2006.

_____
Notary Public

TIMOTHY BALDWIN FIELD
Notary Public-Minnesota
My Commission Expires Jan 31, 2010